UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF TSUNEHISA WATANABE<br><br>Applicant. | Case No. 22-mc-80060-VKD<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Tsunehisa Watanabe applies ex parte for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. No. 1. Although the proposed subpoena is directed to Google, Mr. Watanabe says he will use the subpoena to obtain information the user of a certain Google account. *See* Dkt. No. 1 at 1.

The Court denies the application without prejudice. Mr. Watanabe may file an amended application that addresses the Court's concerns about the scope of the proposed subpoena, as described below.

**I.  BACKGROUND**

According to the application, Mr. Watanabe is the owner of an obstetrics and gynecology clinic called "Maternity Clinic Watanabe" in Shiga, Japan. Dkt. No. 1 at 2. Mr. Watanabe says that on July 4, 2021 someone using a Google account with the name "n mr" posted a negative, one-star review on the Google Maps review page associated with the clinic. *Id.,* Ex. A (Japanese original), Ex. B (English translation).

Mr. Watanabe contends that the review is defamatory and that he intends to file a lawsuit for defamation in Japan against the Google account user. *Id.* He requests permission to serve a

subpoena on Google for four categories of documents:

> 1. ALL DOCUMENTS identifying the user of the ACCOUNT from the date Google Account was created to July 2021, including name, address (including postal code), e-mail address (including email address used for recovery or other purposes), and telephone number.
>
> 2. ALL DOCUMENTS showing name and address (including postal codes) of credit card holder registered on the ACCOUNT.
>
> 3. ALL DOCUMENTS showing the access log for the ACCOUNT when each review, comment, photographs, videos, and/or rating was posted on WATANABE'S REVIEW PAGE, including dates, time, IP addresses, and access type.
>
> 4. In case DOCUMENTS requested in item 3 above are not in possession, custody, or control of Google LLC, all DOCUMENTS showing the login histories of the ACCOUNT from the date the foregoing account was created to July 2021, including dates, times, IP addresses, and access type for each login.

Dkt. No. 1-4 at 7.

Mr. Watanabe's application relies on the Yasuhiro Watanabe, an attorney licensed in Japan, and Miki Yamamoto, a translator. Dkt. Nos. 1-1, 1-2.

## I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## II. DISCUSSION

### A. Statutory Requirements

Mr. Watanabe's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal places of business in the Northern District of California. Second, Mr. Watanabe requests this discovery for use in a civil action for defamation that he says he anticipates filing in Japan as soon as he learns the identity of the Google account user responsible for posting the negative review. Crediting that assertion, this proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, Mr. Watanabe, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

### B. *Intel* Factors

Even if the Court has the authority to grant Mr. Watanabe's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1. Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action Mr. Watanabe plans to bring in Japan, and the documents Mr. Watanabe seeks by subpoena are located in the United States. Dkt. No. 1 at 4. Mr. Watanabe contends that such evidence is outside the reach of the Japanese and Chinese courts' jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoena.

4

### 2. Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, Mr. Watanabe represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States and cites two cases in support. *See* Dkt. No. 1 at 4. However, neither of the cited cases holds that the Japanese courts are receptive to discovery of the type of information Mr. Watanabe seeks here. In *Marubeni Am. Corp. v. LBA Y.K.*, the Second Circuit merely observed that "there is no evidence in the record of what discovery would be available in, or is acceptable to, the Japanese District Court in Tokyo." 335 F. App'x 95, 97-98 (2d Cir. 2009). Similarly, in *In re Ex Parte LG Elecs. Deutschland GmbH*, the district court noted simply that there was "no evidence that [applicant] is seeking to circumvent restrictions that may exist in the host courts." No. 12CV1197-LAB (MDD), 2012 WL 1836283, at *2 (S.D. Cal. May 21, 2012).

Mr. Watanabe's Japanese counsel attests that he is "not aware of any restrictions or policies under Japanese law that would limit the gathering of the evidence Mr. Watanabe seeks."

5

Dkt. No. 1-1 ¶ 9. However, this declaration is silent regarding whether a Japanese court would be receptive to the assistance Mr. Watanabe requests here.

Nevertheless, in the absence of evidence that a Japanese court would object to Mr. Watanabe's obtaining and using the information sought in the subpoena, or that it would object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoenas.

### 3. Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether Mr. Watanabe's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

As noted above, Mr. Watanabe's Japanese counsel attests that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence Mr. Watanabe seeks here. Dkt. No. 1-1 ¶ 9. In the absence of contrary information regarding the procedures acceptable to the Japanese courts for obtaining the information Mr. Watanabe seeks from Google, the Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

### 4. Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

6

Mr. Watanabe says that he requires discovery from Google in order to ascertain the identity of the user of Google account "n mr" responsible for posting a negative review about the maternity clinic on July 4, 2021. However, the proposed subpoena encompasses discovery that goes well beyond documents sufficient to identity the responsible user, such as the account holder's name and address. The application does not provide sufficient justification for the scope of the discovery sought or explain how Mr. Watanabe intends to use the information to identify the person against whom he anticipates filing legal action.

This consideration weighs against authorizing service of the subpoena.

## III. CONCLUSION

Mr. Watanabe's application meets the statutory criteria for an order authorizing service of the proposed subpoenas. While some of the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoena, the last factor does not. For the reasons explained above, the Court denies Mr. Watanabe's application without prejudice. Mr. Watanabe may file an amended application and proposed subpoena that addresses the Court's concerns regarding the scope of the proposed subpoena.

**IT IS SO ORDERED.**

Dated: March 30, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge