UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF TSUNEHISA WATANABE<br><br>Applicant. | Case No. 22-mc-80060-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE AMENDED APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. 1782**<br><br>Re: Dkt. No. 4 |

Applicant Tsunehisa Watanabe has filed an amended ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google").[1]  Dkt. No. 4.  Although the proposed subpoena is directed to Google, Mr. Watanabe says he will use the subpoena to obtain information about the user of a certain Google account.  *See* Dkt. No. 4 at 1.

Because Mr. Watanabe's application is a dispositive matter, a magistrate judge may not decide the matter without the consent of all parties.  *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, No. 21-16212, 2022 WL 1562158, at *6 (9th Cir. May 18, 2022).  Because the undersigned magistrate judge does not have the consent of all parties, the Clerk of the Court is directed to reassign this action to a district judge, with the following report and recommendation.

---

[1] The Court denied Mr. Watanabe's original application without prejudice.  Dkt. No. 3.

# REPORT AND RECOMMENDATION

## I. BACKGROUND

According to the application, Mr. Watanabe is the owner of an obstetrics and gynecology clinic called "Maternity Clinic Watanabe" in Shiga, Japan. Dkt. No. 4 at 2. Mr. Watanabe says that on July 4, 2021 someone using a Google account with the name "n mr" posted a negative, one-star review on the Google Maps review page associated with the clinic. Dkt. No. 4-1, Ex. A (Japanese original); Dkt. No. 1-2, Ex. B (English translation).

Mr. Watanabe contends that the review is defamatory and that he intends to file a lawsuit for defamation in Japan against the Google account user. Dkt. No. 4 at 2. He requests permission to serve a subpoena on Google for two categories of documents:

> 1. ALL DOCUMENTS identifying the user of the ACCOUNT from the date Google Account was created to July 2021, including name, address (including postal code), e-mail address (including email address used for recovery or other purposes), and telephone number.
>
> 2. ALL DOCUMENTS showing the access log for the ACCOUNT on July 4, 2021, including dates, times, IP addresses, and access type.

Dkt. No. 4-2 at 6-7.

Mr. Watanabe's application relies on the declaration of Yasuhiro Watanabe, an attorney licensed in Japan. Dkt. No. 4-1.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In

exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be

obtained in accordance with the Federal Rules of Civil Procedure.  28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III.     DISCUSSION

### A.     Statutory Requirements

Mr. Watanabe's application satisfies the statutory requirements of 28 U.S.C. § 1782(a).  First, the subpoena seeks discovery from Google, which has its principal places of business in the Northern District of California.  Second, Mr. Watanabe requests this discovery for use in a civil action for defamation that he says he will file in Japan as soon as he learns the identity of the Google account user responsible for posting the negative review.  Crediting that assertion, this proceeding before a foreign tribunal appears to be within reasonable contemplation.  *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation).  Third, Mr. Watanabe, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

### B.     *Intel* Factors

Even if the Court has the authority to grant Mr. Watanabe's § 1782 application, that does not mean the Court is required to do so.  *Intel*, 542 U.S. at 247.  In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1.     Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action Mr. Watanabe plans to bring in Japan, and the documents Mr. Watanabe seeks by subpoena are located in the United States.  Dkt. No. 4 at 4.  Mr. Watanabe contends that such evidence is outside the reach of the Japanese courts' jurisdiction.  *Id.*  In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties

4

appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 2. Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, Mr. Watanabe represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States and cites two cases in support. *See* Dkt. No. 4 at 4-5. However, neither of the cited cases holds that the Japanese courts are receptive to discovery of the type of information Mr. Watanabe seeks here. In *Marubeni Am. Corp. v. LBA Y.K.*, the Second Circuit merely observed that "there is no evidence in the record of what discovery would be available in, or is acceptable to, the Japanese District Court in Tokyo." 335 F. App'x 95, 97-98 (2d Cir. 2009). Similarly, in *In re Ex Parte LG Elecs. Deutschland GmbH*, the district court noted simply that there was "no evidence that [applicant] is seeking to circumvent restrictions that may exist in the host courts." No. 12CV1197-LAB (MDD), 2012 WL 1836283, at *2 (S.D. Cal. May 21, 2012).

5

Mr. Watanabe's Japanese counsel attests that he is "not aware of any restrictions or policies under Japanese law that would limit the gathering of the evidence Mr. Watanabe seeks." Dkt. No. 4-1 ¶ 9. However, this declaration is silent regarding whether a Japanese court would be receptive to the assistance Mr. Watanabe requests here.

Nevertheless, in the absence of evidence that a Japanese court would object to Mr. Watanabe's obtaining and using the information sought in the subpoena, or that it would object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoenas.

### 3.     Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether Mr. Watanabe's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

As noted above, Mr. Watanabe's Japanese counsel attests that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence Mr. Watanabe seeks here. Dkt. No. 4-1 ¶ 9. In the absence of contrary information regarding the procedures acceptable to the Japanese courts for obtaining the information Mr. Watanabe seeks from Google, the Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

**4.      Unduly burdensome or intrusive discovery**

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Mr. Watanabe says that he requires discovery from Google in order to ascertain the identity of the user of Google account "n mr" responsible for posting a negative review about the maternity clinic on July 4, 2021. As amended, the proposed subpoena seeks discovery of information tailored to identity the responsible user, such as the account holder's name and address, and access logs on the date of the posting. The Court concludes that the application provides sufficient justification for the scope of the discovery sought and the purpose for which the information will be used.

This consideration also weighs in favor of authorizing service of the subpoena.

**IV.     CONCLUSION**

Mr. Watanabe's application meets the statutory criteria for an order authorizing service of the proposed subpoenas. In addition, the factors that inform a court's exercise of discretion under *Intel* also favor authorizing service of the subpoena. For the reasons explained above, the Court RECOMMENDS that Mr. Watanabe's amended application be granted.

Further, the Court RECOMMENDS that the district judge to whom the matter is reassigned include the following direction in the order finally disposing of this application:

"This order does not foreclose a motion to quash or further modify the subpoena by Google following service or by the Google account holder or account user whose identifying information is sought. The Court orders Mr. Watanabe and Google to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Mr. Watanabe must also serve a copy of this order on Google.

2. Within 10 calendar days of service of the subpoena and this order, Google shall notify the account holder(s) or account user(s) within the scope of the subpoena that their identifying information is sought by Mr. Watanabe, and shall serve a copy of this order

7

    on each such person.

3. Google and/or any person whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).

4. Alternatively, any person whose identifying information is sought may, within 21 days from the date of the notice, advise Google in writing of any objections he or she has to disclosure of the information and the bases for any such objections.  Within 10 days of receipt of any such objections, Google shall so advise the Court.

5. If any person contests the subpoena or objects to any portion of it, Google shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest or objection.

6. Any information Mr. Watanabe obtains pursuant to the subpoena may be used only for purposes of the anticipated action for defamation, and Mr. Watanabe may not release such information or use it for any other purpose, absent a Court order authorizing such release or use."

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

**IT IS SO ORDERED.**

Dated: May 26, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge